11-4985                                                    BIA
Balayaba v. Holder                                    Rohan, IJ
A079 609 502

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of September, two thousand twelve.

PRESENT:
      RALPH K. WINTER,
      JOSEPH M. McLAUGHLIN,
      PETER W. HALL,
         *Circuit Judges.*

_____

FOUSSEYNI BALAYABA,
      *Petitioner*,

     v.                                         11-4985
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Fousseyni Balayaba, a native and citizen of Mauritania, seeks review of a November 4, 2011, order of the BIA affirming the October 26, 2009, decision of Immigration Judge ("IJ") Patricia A. Rohan, which pretermitted his application for asylum as untimely, and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Fousseyni Balayaba*, No. A079 609 502 (B.I.A. Nov. 4, 2011), *aff'g* No. A079 609 502 (Immig. Ct. N.Y. City Oct. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shi Jie Ge v. Holder,* 588 F.3d 90, 93-94 (2d Cir. 2009).

**I. Asylum**

Under 8 U.S.C. § 1158(a)(3), no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), a question of law is not implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Here, Balayaba challenges the agency's factual determination and exercise of discretion that he did not arrive in the United States in September 2001; thus, this Court lacks jurisdiction to review that determination. *Id.* at 329.

**II. Withholding of Removal**

Balayaba challenges the agency's denial of withholding of removal based on an adverse credibility determination, including the finding that he failed to corroborate his claim. The IJ determined that Balayaba failed to provide credible testimony based on inconsistencies between his testimony and his asylum application regarding his departure from Senegal and the manner of his arrival in the United

3

States, an omission in his original asylum application regarding his alleged mistreatment in Mauritania, and his failure to provide reasonably available corroboration. The BIA modified the IJ's decision, however, finding only that "the weaknesses in [Balayaba]'s case gave the [IJ] a legitimate reason to require corroborating evidence."

Contrary to Balayaba's contention, the agency's adverse credibility determination is supported by substantial evidence because Balayaba failed to provide testimony or a statement from his cousin, who was available and had the unique opportunity to corroborate each component of his testimony that had been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

To the extent the BIA concluded that Balayaba failed to meet his burden of proof for withholding of removal based on a lack of corroboration, that conclusion is also supported by substantial evidence because the IJ confirmed that the testimony or statement from Balayaba's cousin was reasonably available, provided Balayaba an opportunity to explain his failure to produce that evidence, and reasonably found

4

Balayaba's explanation that his cousin simply "couldn't come" to be inadequate to compel a contrary conclusion. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *Diallo v. INS*, 232 F.3d 279, 288-90 (2d Cir. 2000).

**III. CAT Relief**

Finally, because Balayaba did not raise his CAT claim before the BIA, this Court lacks jurisdiction to consider the claim. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk